IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil No. 20-cv-1377 |
| ) | |
| v. ) | |
| ) | |
| JANE DOE, ) | |
| as the executor of the estate of ) | |
| MARC RATZERSDORFER ) | |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the civil penalties assessed against Defendant Marc Ratzersdorfer under 31 U.S.C. § 5321(a)(5)(C)(i) for his willful failure to report his interests in foreign bank accounts for the 2007, 2008, and 2009 calendar years. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because it arises under a federal statute, the United States is a

plaintiff, and the action seeks to recover civil penalties assessed under 31 U.S.C. § 5321(a)(5).

2. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) as the defendant is deceased and was not a resident of the United States at the time of his death.

## Parties

3. Plaintiff is the United States of America.

4. Marc Ratzersdorfer was the person against whom the IRS assessed penalties due to his willful failure to file FBARS for the 2007, 2008, and 2009 calendar years. Ratzersdorfer died on or about December 8, 2017. Neither the Ratzersdorfer's family nor his prior Power of Attorney, Abraham Weiss, notified the IRS of Mr. Ratzersdorfer's death. On information and belief, no probate estate has yet been opened for Ratzersdorfer. Upon the opening of the estate, the United States intends to amend the complaint to name the administrator or executor of the estate as the real party in interest.

## Regulatory Background

5. Section 5314 of Title 31, United States Code, authorizes the Secretary of the Treasury to require United States citizens (among others) to report certain transactions with foreign financial agencies. Under one of the statute's implementing regulations (31 C.F.R. § 1010.350), each United States person

having a financial interest in, or signature or other authority over, a bank, securities, or other financial account with a balance of $10,000 or more in a foreign country shall report such relationship to the Internal Revenue Service ("IRS") for each year in which such relationship exists.

6. For calendar years 2012 and prior, a person met this reporting requirement by filing a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."

7. For the years at issue, an FBAR was due no later than June 30 of the year following the calendar year at issue with respect to foreign financial accounts that had an aggregate value greater than $10,000. 31 C.F.R. § 1010.306(c).

8. Section 5321(a)(5) of Title 31, United States Code, authorizes the imposition of civil penalties for the willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a maximum willfulness penalty in the amount of the greater of $100,000 or 50% of the balance in the accounts at the time of the violation.

9. The penalty provided by 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

### MARC RATZERSDORFER WILLFULLY FAILED TO REPORT HIS INTEREST IN FOREIGN FINANCIAL ACCOUNTS

10. Ratzersdorfer was born in the United States and remained a United States citizen until his death.

11. On information and belief, Ratzersdorfer founded a diamond trading business in the United States that served as the source of his offshore funds.

12. In or before 2006, Ratzersdorfer moved to Israel, where he lived with his adult daughter.

13. Ratzersdorfer (by himself or in concert with his agents) established multiple bank, securities or other financial accounts in Switzerland, frequently in the name of his alter egos or nominees, including accounts at UBS AG, Bank Sarasin, Pictet, and Maerki Bauman.

14. Ratzersdorfer (by himself or in concert with his agents) titled ownership of multiple bank accounts in the name of corporate or similar entities for purpose of evading detection by, and reporting obligations to, the United States.

15. Wintrust, AG served as one of Ratzersdorfer's foreign money managers that assisted him in structuring his bank accounts to avoid detection by the United States.

16. Notwithstanding his ownership and control over foreign financial accounts containing more than $10,000, Ratzersdorfer did not timely file FBARs or otherwise disclose his foreign financial accounts to the IRS during the 2007, 2008, or 2009 calendar years.

17. Ratzersdorfer filed federal income tax returns (IRS Forms 1040) Schedule B for 2007, 2008, and 2009 tax years. On each return, the Schedule B

asked "At any time during 2007 [or 2008, or 2009] did you have a financial interest or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?" In each case, the response to this question on Ratzersdorfer's schedule B was "No."

18. Given his resources and his financial sophistication, Ratzersdorfer knew or clearly ought to have known that there was a grave risk that he was not complying with his reporting obligations, and he could have found out for certain very easily.

## UBS Account

19. On information and belief, in 2001 Ratzersdorfer (by himself or in concert with others acting on his behalf) caused an investment account to be opened with UBS Bank in Switzerland in the name of "Thinktools Corporation."

20. Thinktools was a British Virgin Islands ("BVI") entity.

21. Thinktools' director was a second BVI trust company.

22. Traci Cesari, an employee of Wintrust AG of Switzerland, established Thinktools' corporate structure.

23. On information and belief, the majority of funds wired into the UBS Thinktools investment account were wired by Wintrust.

24. Ratzersdorfer was the beneficial owner of the Thinktools investment account.

18723142.1

25. Thinktools' purpose was to be a fictitious corporation to hold foreign assets for Ratzersdorfer and his family.

26. On information and belief, Ratzersdorfer instructed UBS not to invest in U.S. securities in order to avoid detection of his foreign accounts by the United States.

27. The Thinktools Investment account was established with multiple sub-accounts.

28. Ratzersdorfer was the beneficial owner of four Thinktools investment subaccounts labeled as Fund A, and two of his sons (Charles and Naftali) were the beneficial owners of subaccounts labeled as Funds B, C, and E.

29. In 2009, UBS AG notified account holders that it might provide their account information to the IRS.

30. The Thinktools UBS investment account was closed in March of 2009. Thereafter, funds in excess of $10,000 from the Fund A subaccounts were wired to Bank Vontobel in Switzerland and were not repatriated to the United States.

**Ratzersdorfer's Accounts at Other Swiss Banks**

31. On information and belief, Ratzersdorfer (by himself or in concert with others acting on his behalf) caused an account to be opened with Bank Sarasin in Switzerland. The account with Bank Sarasin was in the name of Dynamount

Holdings. Ratzersdorfer controlled Dynamount holdings, which primarily served to shield Ratzersdorfer's assets from detection by the United States.

32. On information and belief, Ratzersdorfer (by himself or in concert with others acting on his behalf) caused an account to be opened with Maerki Baumann in Switzerland. The account with Maerki Baumann was also in the name of Dynamount Holdings. Ratzersdorfer controlled Dynamount holdings, which primarily served to shield Ratzersdorfer's assets from detection by the United States.

33. On information and belief, Ratzersdorfer (by himself or in concert with others acting on his behalf) caused two accounts to be opened with Pictet, a bank in Switzerland. The accounts with Pictet were in the name of Whitlow Holdings Corp. and Zanoria Worldwide, Ltd.. Ratzersdorfer possessed ultimate control over Whitlow Holdings Corp. and Zanoria Worldwide, Ltd., which primarily served to shield Ratzersdorfer's assets from detection by the United States.

34. The following table summarizes the balances in Ratzersdorfer's aforementioned accounts at various dates:

| Bank | Record Owner | Account # | 2007 High Balance | June 30, 2007 Balance | 2008 High Balance | June 30, 2008 Balance | 2009 High Balance | June 30, 2010 Balance |
|---|---|---|---|---|---|---|---|---|
| **UBS** | Thinktools | 233-653340.60T-FUND A | $1,092,749 | $10,473 | $884,099 | $0 | $717,611 | $0 |
| **UBS** | Thinktools | 233-653340.01D- | $287 | $192 | $230 | $0 | Not available | $0 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | FUND A | | | | | | |
| **UBS** | Thinktools | 233-653340.66E-FUND A | $147,952 | $410 | $215,269 | $0 | Not available | $0 |
| **UBS** | Thinktools | 233-653340.66E-FUND A | $1,141 | $20 | $49 | $0 | Not available | $0 |
| **Bank Sarasin** | Dynamount Holdings | CH07 0875 0060 0275 7400 0-FUND A | $2,692,433 | $3,585,519 | $3,585,519 | $0 | Not available | $0 |
| **Pictet** | Whitlow Holdings | V-696196.00.02-FUND A | $160,213 | $0 | $2,837,698 | Not Available | Not available | $0 |
| **Pictet** | Zanoria Worldwide | V-696196.00.1C-FUND A | $2,759,819 | $280 | $60,267 | Not Available | Not available | $0 |
| **Maerki Bauman** | Dynamount Holdings | 324833-051333/51-FUND A | Not available | $0 | $3,279,146 | $3,334,435 | 3,347,977 | $0 |

## JUDGMENT FOR CIVIL PENALTIES
## (31 U.S.C. § 5321(a)(5))

35. The United States incorporates paragraphs 1 through 34 as if fully set forth herein.

36. On May 21, 2018, a delegate of the Secretary of the Treasury sent a notice of a proposed assessments for the willful failure to file complete and accurate FBARs for 2007, 2008, and 2009 (IRS Letter 3709).

37. On May 24, 2018, a delegate of the Secretary of the Treasury assessed civil penalties against Defendant Ratzersdorfer under 31 U.S.C. § 5321(a)(5) for his willful failure to timely file FBARs in connection with the accounts listed in Paragraph 34. Ratzersdorfer was assessed $1,733,208 for 2007; $1,667,264 for 2008; and $100,000 for 2009.

38. A delegate of the Secretary of the Treasury sent notice of the May 24, 2018 assessments to Ratzersdorfer and demanded payment of the assessments.

39. Despite notice and demand for payment, Ratzersdorfer (or his estate, if one exists) have failed to fully pay the penalties assessed against him.

40. Interest and penalties have accrued and will continue to accrue on the penalties described in paragraph 37 above pursuant to 31 U.S.C. § 3717 until they are paid in full.

41. As of May 19, 2020, Ratzersdorfer's estate is indebted to the United States with respect to the penalties described in paragraph 37 above in the amount of $3,987,862.78, plus statutory interest and penalties that continues to accrue thereafter as provided by law.

/
/
/
/
/
/
/
/
/
/
/
/

WHEREFORE, the United States prays that this Court:

A.  Render a judgment in favor of the United States and against the estate of Defendant Marc L. Ratzersdorfer in the amount in the amount of $3,987,862.78 for the penalties assessed against him under 31 U.S.C. § 5321(a)(5) for the 2007, 2008, and 2009 calendar years, plus further interest and statutory additions thereon as allowed by law from May 19, 2020 to the date of payment;

B.  Award to the United States its costs of prosecuting this action; and

C.  Grant such other and further relief as the Court deems just and equitable.

Date: May 22, 2020

                RICHARD E. ZUCKERMAN
                Principal Deputy Assistant Attorney General

                */s/ Ari Kunofsky*
                RICHARD J. HAGERMAN (LEAD)
                ARI D. KUNOFSKY
                Trial Attorneys, Tax Division
                U.S. Department of Justice
                Post Office Box 227
                Washington, D.C. 20044
                Tel.: (202) 598-7827
                Fax: (202) 514-6866
                Richard.J.Hagerman@usdoj.gov