**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | Civil No. 20-cv-1377 (KBJ) |
| CHARLES RATZERSDORFER | *Filed Electronically* |
| NORMAN NAFTALI RATZERSDORFER | |
| JOSEPH RATZERSDORFER, and | |
| GILLIAN ROSEN, as heirs and administrators to the estate of MARC RATZERSDORFER | |
| Defendants. | |

## <u>ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendants Charles Ratzersdorfer, Norman Naftali Ratzersdorfer, Joseph Ratzersdorfer, and Gillian Rosen (collectively, "Defendants" or individually, "Charles Ratzersdorfer," "Norman Naftali Ratzersdorfer," "Joseph Ratzersdorfer," and "Gillian Rosen") answer the First Amended Complaint of plaintiff United States of America ("Plaintiff") upon information and belief as follows:

1.      Paragraph 1 of the First Amended Complaint contains conclusions of law to which no response is required.

2.      Defendants admit that Marc Ratzersdorfer is deceased.  Paragraph 2 of the First Amended Complaint also contains conclusions of law to which no response is required.

3.      Defendants admit the allegations set forth in paragraph 3 of the First Amended Complaint.

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint.

5.      Defendants admit that in or around 2006, Marc Ratzersdorfer, along with his wife Michelin Ratzersdorfer, moved to Israel where they lived at 12 HaMa'apilim St., Apt. 5 in Jerusalem, Israel.  Defendants deny all other allegations in paragraph 5 of the First Amended Complaint.

6.      Defendants admit the allegations set forth in paragraph 6 of the First Amended Complaint.

7.      Defendants admit the allegations set forth in paragraph 7 of the First Amended Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint.

9.      Defendants admit the allegations set forth in paragraph 9 of the First Amended Complaint.

10.      Defendants admit the allegations set forth in paragraph 10 of the First Amended Complaint.

11.      Defendants admit the allegations set forth in paragraph 11 of the First Amended Complaint.

12.      Defendants admit the allegations set forth in paragraph 12 of the First Amended Complaint.

13.      Defendants admit the allegations set forth in paragraph 13 of the First Amended Complaint.

14.     Defendants admit the allegations set forth in paragraph 14 of the First Amended Complaint.

15.     Defendants admit the allegations set forth in paragraph 15 of the First Amended Complaint.

16.     Paragraph 16 of the First Amended Complaint contains conclusions of law to which no response is required.

17.     Defendants admit the allegations set forth in paragraph 17 of the First Amended Complaint.

18.     Paragraph 18 of the First Amended Complaint contains conclusions of law to which no response is required.

19.     Paragraph 19 of the First Amended Complaint contains conclusions of law to which no response is required.

20.     Paragraph 20 of the First Amended Complaint contains conclusions of law to which no response is required.

21.     Paragraph 21 of the First Amended Complaint contains conclusions of law to which no response is required.

22.     Paragraph 22 of the First Amended Complaint contains conclusions of law to which no response is required.

23.     Defendants deny that Marc Ratzersdorfer was born in the United States. Defendants admit all other allegations set forth in paragraph 23 of the First Amended Complaint.

24.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 24 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen admit that Marc Ratzersdorfer founded a diamond trading

business in the United States and deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 24 of the First Amended Complaint.

25.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 25 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the First Amended Complaint.

26.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit that Marc Ratzersdorfer titled ownership of multiple bank accounts in the name of corporate or similar entities and deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 26 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the First Amended Complaint.

27.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit that Wintrust, AG served as one of Marc Ratzersdorfer's foreign money managers that assisted him in structuring his bank accounts and deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 27 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Complaint.

28.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint.

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Complaint.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint.

31.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 31 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint.

32.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 32 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint.

33.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 33 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the First Amended Complaint.

34.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 34 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the First Amended Complaint.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the First Amended Complaint.

36.     Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit that Marc Ratzersdorfer was the beneficial owner of the Thinktools investment account, Fund A.

Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the First Amended Complaint.

37.    Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 37 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the First Amended Complaint.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the First Amended Complaint.

39.    Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 39 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the First Amended Complaint.

40.    Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 40 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the First Amended Complaint.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the First Amended Complaint.

42.    Defendants Charles Ratzersdofer and Norman Naftali Ratzersdorfer admit the allegations set forth in paragraph 42 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the First Amended Complaint.

43.     Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer admit that Marc Ratzersdorfer caused an account to be opened with Bank Sarasin in Switzerland and that the account with Bank Sarasin was in the name of Dynamount Holdings; Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 43 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the First Amended Complaint.

44.     Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer admit that Marc Ratzersdorfer caused an account to be opened with Maerki Baumann in Switzerland and that the account was in the name of Dynamount Holdings; Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 44 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the First Amended Complaint.

45.     Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer admit that Marc Ratzersdorfer caused an account to be open with Pictet, a bank in Switzerland, in the name of Zanoria Worldwide, Ltd; Defendants Charles Ratzersdorfer and Norman Naftali Ratzersdorfer deny knowledge or information sufficient to form a belief as to the truth of all other allegations in paragraph 45 of the First Amended Complaint.  Defendants Joseph Ratzersdorfer and Gillian Rosen deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the First Amended Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the First Amended Complaint.

47.     Paragraph 47 of the First Amended Complaint incorporates paragraphs 1 through 46, and no response is required.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the First Amended Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the First Amended Complaint.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint.

52.     Paragraph 52 of the First Amended Complaint contains conclusions of law to which no response is required.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the First Amended Complaint.  Paragraph 53 of the First Amended Complaint also contains conclusions of law to which no response is required.

DEMAND FOR JURY TRIAL

   To the extent permitted by law, Defendants demand a jury trial on all issues so triable in this matter.


DATED this 16th day of February, 2021

         By:  /s/ Juliet Fink      
             JULIET FINK
             Kostelanetz & Fink, LLP
             7 World Trade Center
             250 Greenwich Street, 34th Floor
             New York, New York 10007
             (212) 808-8100 (Phone)
             (212) 808-8108 (Fax)
             jfink@kflaw.com


TO:  Nishant Kumar
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 227
    Ben Franklin Station
    Washington, D.C. 20044
    *Attorney for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2021, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.


DATED this 16th day of February, 2021

                 By:     /s/ Juliet Fink
                         JULIET FINK
                         Kostelanetz & Fink, LLP
                         7 World Trade Center
                         250 Greenwich Street, 34th Floor
                         New York, New York 10007
                         (212) 808-8100 (Phone)
                         (212) 808-8108 (Fax)
                         jfink@kflaw.com